UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUD ROSSMANN,<br><br>       Plaintiff,<br><br>       v.<br><br>JOHN KELLY, White House Chief of Staff, et al.,<br><br>       Defendants. | Civil Action No. 18-10013-LTS |

ORDER

January 3, 2018

SOROKIN, D.J.

For the reasons stated below, the Court dismisses this action.

On January 2, 2018, Brud Rossmann, a pro se litigant who represents that he graduated from Harvard Law School and was a federal prosecutor, filed a complaint against White House Chief of Staff John Kelly, President Donald Trump, Anthony Scaramucci, Alan Dershowitz, "the 'Jews,'" and others. Rossmann refers to himself as the "Anti Anti Christ."

Rossmann does not set forth a "plain and simple" statement of his claim as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The complaint is rambling and incomprehensible, although certain themes do emerge: Rossmann's professed intellectual capabilities, educational background, and work experience; his history of filing numerous actions in federal court[1] and claims with federal agencies; his belief that he has been the target of murder, financial ruin, sonic weaponry, and other persecution by defendants; his strong distaste for persons who are Jewish.

---

[1] A search of PACER indicates that Rossmann has filed at least 100 civil actions in federal district courts throughout the country.

In his prayer for relief, he seeks $10 million in compensatory damages and "[i]njunctive relief . . . to include the joy, the privilege, of K9ooling certain natural persons with a Kn9ffe, [and] gut999ting them in public."  Compl. at 32; see also id. at 8-9, ¶ 14 ("The scum responsible [for the assault using sonic or infrasonic weaponry platforms against Rossmann], including those named, referenced here, and without limitation, should be K9llled as a result.").

A federal district court has inherent authority to dismiss malicious and frivolous actions. See O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904) (recognizing the "the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings which upon the face of the pleadings present no cause of action recognized by the law") (quoted with approval in Brockton Sav. Bank. V. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985)).  The Court shall exercise this power and dismiss the present action.  Whatever Rossmann's subjective intent in filing this case may have been, this action is objectively frivolous and does not present a cause of action.

Accordingly, this action is DISMISSED.

SO ORDERED.

                                                  /s/ Leo T. Sorokin
                                                  UNITED STATES DISTRICT JUDGE